UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DONALD Z. SMITH,

    Petitioner,

    v.                                          Case No. 3:16-CV-590 JVB

SUPERINTENDENT,

    Respondent.

## OPINION AND ORDER

Donald Z. Smith, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (NCF 16-06-0204) held on July 1, 2016, where he was found guilty of Security Threat Group in violation of B-208 and sanctioned with the loss of 60 days earned credit time and a demotion in credit class by a hearing officer. ECF 1.

On June 28, 2016, Correctional Officer Rudzinski issued a Report of Conduct charging Smith with Security Threat Group ("STG"), which states:

> On the above date and approximate time, I, Officer Rudzinski, found documents relating to the ALKN (Almighty Latin King Nation) in offender Smith's (DOC # 132752) property box during a shakedown. Offender was notified of this conduct report.

ECF 4-1.

On June 29, 2016, Smith was notified of the charge and was provided with the conduct report and screening report. Id.; ECF 4-2. Smith pled not guilty and requested a lay advocate. He did not request any physical evidence, but he did request three offenders as witnesses. ECF 4-2. The first witness, an offender named Charlie, stated:

> I witnessed Officer Rodzinsky shaking down Donald Smith the night of 6-28-16 at 10pm Count. I watch as he went through Mr [sic] Smiths [sic] property and I never seen him pull out any papers until he walked away from Mr [sic] Smiths [sic] property. Where the papers he produced came from I have no idea, but I can say they never came out of Mr [sic] Smiths [sic] property.

ECF 4-4.

The second witness, Offender Brian Reagan, provided a written statement:

> I was awaken by CO wanting to search my property box thinking Smith had a box under my bed[.] CO was clearly on a mission[.] I've been here 3 years and never had situation like this occur[.] And I'm positive Mr [sic] Smith did not know of that paperwork.

ECF 4-5.

The third witness, Offender Logan Edwards, stated:

> During the shake down I Logan Edwards watched this officer take papers out of his shirt. He first looked around before doing this, and what was strange is he had a small envelope in his hand where he did this. My bunk is 115 which is right beside bunk 114.

ECF 4-6.

The hearing officer conducted a disciplinary hearing on July 1, 2016, where Smith made a statement:

> This clearly did not come out of my property box. I've been flagged STG I do not have this.

ECF 4-7.

Based on the evidence, including staff reports, Smith's statement, and the physical evidence seized from Smith (ECF 6), the hearing officer found Smith guilty of STG. ECF 4-7. Smith administratively appealed this decision, but his appeal was denied. ECF 4-8, 4-9, 4-10. He then filed this federal habeas petition. Smith raises two claims for relief in his petition: (1) he was denied the opportunity to speak at the hearing; and (2) he was denied evidence.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

First, Smith complains that he was denied the opportunity to speak at the hearing. However, the record reveals that Smith was not denied the opportunity to be heard. The disciplinary hearing report recounts that Smith plead not guilty and made a statement at the disciplinary hearing. ECF 4-7. Smith does not assert that the disciplinary report mischaracterizes what he said there. As such, the Court finds that Smith was given due process as to his opportunity to be heard.

Nevertheless, Smith argues that at some point at the hearing he was stopped from talking any further. ECF 1-1 at 6. *Wolff* requires that an inmate be permitted to be heard and to submit relevant, exculpatory evidence. Thus, if the hearing officer's actions prevented Smith from providing relevant, exculpatory testimony, then there may be a due process violation. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). In his traverse, Smith had the opportunity—but declined—to inform the Court of what relevant, exculpatory testimony he was prevented from giving. This omission is fatal as Smith bears the burden of establishing that

he is entitled to relief under Section 2254. *Piggie v. Cotton*, 342 F.3d 660, 664 (7th Cir. 2003). Because he has not indicated what testimony he was prevented from providing, he has not met his burden.

Moreover, a due process error in a habeas corpus case is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAnich*, 513 U.S. 432, 435 (1995). The denial of a due process right will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Again, Smith has not met his burden on this claim because he fails to explain how this had any injurious effect on the outcome of his proceedings. Thus, he is not entitled to habeas relief.

Second, he claims that he was denied evidence. Smith believes he was denied evidence because the disciplinary hearing report indicates that the hearing officer considered an "officers statement," and Smith is unaware of any officer's statement. Thus, Smith is under the impression that he was denied that officer's statement. However, this is simply a misunderstanding. The "officers statement" referred to in the disciplinary hearing report was the Conduct Report, which was written by Officer Rudzinski. Notably, Smith received all of the evidence he requested and there is no indication that he was denied any evidence considered by the hearing officer.

Although not defined as a ground for habeas relief, in his traverse Smith alludes that there is insufficient evidence in the record to support the conclusion reached by the hearing officer. Class B offense 208 includes possessing unauthorized security threat group materials. ECF 4 at 2. Thus, the respondent must show there is some evidence in this case that Smith possessed STG material. The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The conduct report recounts that Smith had documents from the Almighty Latin

King Nation in his property box. ECF 4-1. This is some evidence that Smith was guilty of STG. *McPherson*, 188 F.3d at 786 (conduct report alone provided "some evidence" to support disciplinary determination). Though Smith complains that the hearing officer credited Officer Rudzinski's account over that of many offenders, that is not an issue to be addressed in habeas proceedings. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson,* 13 F.3d at 1077. Because the conduct report reveals that Smith possessed STG material, the "some evidence" standard has been met here.

Not only is there sufficient evidence to find Smith guilty of the charged offense, but there has been no showing that he was deprived of any due process along the way. Based on the record, there is sufficient evidence to find Smith guilty of Security Threat Group, and he has not made a showing that his due process rights have been violated.

For the foregoing reasons, the Court **DENIES** the petition (DE 1) and **DISMISSES** this case.

**SO ORDERED** on April 28, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE